**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenny Lynn Johnson, | No. CV-06-1954-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff's counsel, Scott Davis, has filed a motion to withdraw as attorney of record. Dkt. #16. Mr. Davis has been unable to contact Plaintiff since August 2006. Mr. Davis and his staff have attempted to contact Plaintiff at her last known address and phone number. Letters sent via certified mail were returned as undeliverable, and Plaintiff has not otherwise responded to the requests to contact Mr. Davis' office. Mr. Davis states that when he commenced this action he did not believe he would be able to locate Plaintiff and actually litigate the matter to disposition. Mr. Davis filed the complaint solely to protect Plaintiff's claim.  Dkt. ##16-2 ¶¶ 1-2, 16-3 Ex. 1.

"It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court." *Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) (citing *Boudreau v. U.S.*, 250 F.2d 209 (9th Cir. 1957); *Hicks v. Bekins Moving & Storage*, 115 F.2d 406 (9th Cir. 1940)). In this regard, it is the duty of the plaintiff

to keep her counsel or the court apprised of her current location.  Neither counsel nor the court has an affirmative obligation to locate the plaintiff. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

The Court has the inherent power to dismiss a case for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the District Courts." *Id.* In determining whether Plaintiff's failure to prosecute warrants dismissal of this action, the Court must weigh five factors: the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to Defendant, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. *See Carey*, 856 F.2d at 1440 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first three factors favor dismissal of this case.  Plaintiff's failure to keep her counsel or the Court informed of her location prevents the case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative is available.  Without Plaintiff's current address, however, certain alternatives are bound to be futile.  "An order to show cause why dismissal [is] not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *Carey*, 856 F.2d at 1441. The Court finds that the least drastic available sanction is a dismissal without prejudice.

**IT IS ORDERED:**

1. This action is **dismissed** without prejudice.

2. The motion to withdraw as attorney of record (Dkt. #16) is **denied** as moot.

DATED this 25th day of June, 2007.

_David G. Campbell_
David G. Campbell
United States District Judge

- 2 -